JUDGE BUCHWALD 08 CV 4047

NOURSE & BOWLES, LLP
Attorneys for Plaintiff
NORDANA PROJECT AND CHARTERING AS
One Exchange Plaza
At 55 Broadway
New York, NY  10006-3030
(212) 952-6200

RECEIVED
APR 29 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

NORDANA PROJECT AND CHARTERING
AS,

                    Plaintiff,

           - against -

SCANSCOT SHIPPING SERVICES
(DEUTSCHLAND) GmbH,

                 Defendant.

------------------------------------------------------------X

08 Civ.　　　(　)

**VERIFIED COMPLAINT**

Plaintiff, Nordana Project and Chartering AS ("Plaintiff"), by its attorneys, Nourse & Bowles, LLP, complaining of the above-named defendant, Scanscot Shipping Services (Deutschland) GmbH ("Defendant"), alleges on information and belief as follows:

1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  The Court has admiralty jurisdiction under 28 U.S.C. § 1333.

2.      At all material times, Plaintiff was and now is a corporation or other business entity organized and existing under the laws of Denmark with an office and place of business at 113, Rungsted Strandvej, DK-2960, Rungsted Kyst, Denmark.

3.      At all material times, Defendant was and now is a corporation or other business entity organized and existing under the laws of a foreign country with an office and place of business at Hamburg, Germany.

4.      Pursuant to a contract of time charter party dated November 18, 2004, Plaintiff, as charterer, chartered the vessel M/V SCAN HANSA to Defendant, as managing owner of the said vessel.  The charter provides for resolution of disputes between the parties by arbitration in London with English law to apply.

5.      During the course of the charter on or about March 8, 2005, the vessel called at the port of Keelung for discharge of cargo.  Charterer was entitled to engage stevedores to use the vessel's cranes for accomplishing the discharge and did engage stevedores to work the cranes and discharge the cargo for this purpose.

6.      In breach of charter, however, the Master had the vessel's crew operate the vessel's cranes.

7.      During the course of the discharge the vessel's crew negligently operated the cranes causing damage to a certain piece of cargo.

8.     By virtue of the foregoing and under the terms of the charter, Defendant is liable to indemnify Plaintiff for all loss and damage occurring in the premises.

9.     As a result of the foregoing, the owner of the damaged cargo brought suit against Plaintiff in Taipei seeking $83,000 in damages.

10.     Plaintiff settled the foregoing action by cargo interests in Taipei at a cost to Plaintiff in payments of $45,000.

11.     In addition to the foregoing, interest has been incurred on the above payments, at rates prevailing in arbitration in London, said interest, to date amounts to approximately $11,500 and it is anticipated that further interest in the amount of $8,500 will be incurred by the time an arbitration award is rendered. Plaintiff therefore claims interest against Defendant in the amount of $20,000.

12.     By virtue of the foregoing, Defendant breached the charter causing damage to Plaintiff in the principal amount of $65,000, as best as can presently be calculated.

13.     Costs, including solicitor's fees and expenses are routinely awarded to the successful party in London and Plaintiff claims a further $50,000 representing a reasonable estimate of the likely solicitor's fees and arbitration costs to present and determine Plaintiff's claim in London.

14.    By reason of the foregoing premises, Plaintiff claims damages from Defendant in the sum of $115,000 as best as can presently be calculated.

15.    Defendant cannot be found within the district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire or credits including but not limited to electronic fund transfers in the hands of garnishees in this District.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That, since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property owing or otherwise the property of the Defendant up to the amount of

$115,000 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Complaint.

C.    That such property attached pursuant the Process of Maritime Attachment and Garnishment remain sequestered to serve as security for the payment of Plaintiff's claims; and

D.    That, following the attachment of sufficient funds to secure Plaintiff as prayed herein, that action be stayed pending resolution of the merits of the claim in London in accordance with the governing contract.

E.    That Plaintiff have such other, further and different relief as may be just and proper.

Dated:  New York, New York
        April 29, 2008

NOURSE & BOWLES, LLP
Attorneys for Plaintiff
NORDANA PROJECT AND
CHARTERING AS

By: _____
        Armand M. Paré, Jr. (AP-8575)
        One Exchange Plaza
        At 55 Broadway
        New York, NY  10006-3030
        (212) 952-6200

STATE OF NEW YORK      )
                                ) ss:
COUNTY OF NEW YORK  )

ARMAND M. PARÉ, JR., being duly sworn, deposes and says:

I am a member of the firm of Nourse & Bowles, LLP, attorneys for plaintiff herein and I have read the foregoing Verified Complaint and know the contents thereof and that the same are true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information submitted to me on behalf of the plaintiff.

This verification is made by me because plaintiff is a foreign corporation.

_____

Sworn to before me this
2<sup>0</sup> day of April, 2008

_____
Notary Public

MARY T. BANNON
Notary Public, State of New York
No. 01BA6785995
Qualified in York County
Commission Expires February 28, 2010

6